```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 06-61510-CIV-COHN
                              MAGISTRATE JUDGE P. A. WHITE
```

ALTON TYRONE RILEY,              :

    Plaintiff,              :

v.                               :         PRELIMINARY REPORT
                                                                OF MAGISTRATE JUDGE

DETECTIVE GEORGE ALEXANDER,      :
ET AL.,

    Defendants.             :

## I. Introduction

The plaintiff, Alton Tyrone Riley, currently housed at the Broward County Jail, has filed an amended *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. [DE # 7]. The plaintiff has been granted leave to proceed *in forma pauperis*. [DE# 5].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>     Sec. 1915 Proceedings in Forma Pauperis
>
>                 *   *   *
>
>     (e)(2) Notwithstanding any filing fee, or
>     any portion thereof, that may have been paid,
>     the court shall dismiss the case at any time
>     if the court determines that –
>
>                 *   *   *
>
>     (B) the action or appeal –
>
>                 *   *   *

>    (I)   is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense. Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11 Cir. 2004). While Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a

§1983 plaintiff allege with some specificity the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11 Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11 Cir. 1992), cert. denied sub nom. Deutcsh v. Oladeinde, 507 U.S. 987 (1993). Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11 Cir. 1985).

The plaintiff names the following defendants:

1. Broward County Detective George Alexander
2. Broward County Sergeant Todd Crane

The plaintiff raises the following allegations. On August 15, 2006, Alexander entered his home without a warrant, wrestled him to the ground, handcuffed him, and kicked him in the torso and head, resulting in physical injuries. The plaintiff raises no allegations against Crane, and he seeks "punitive damages for pain and suffering."

## Claim of Excessive Force Upon Arrest
## Possible Claim of False Arrest and Defendant Chase

The plaintiff appears to seek relief only as to his claim of excessive force upon arrest. However, he mentions in passing that Detective Alexander entered his home without a warrant, raising the possibility of a claim concerning the constitutionality of the entry and arrest. As drafted, the Complaint contains no facts to support such a claim. If the plaintiff was attempting to raise a claim concerning the warrantless entry, he should file an amended complaint with specific details.

Further, while the plaintiff names Sergeant Todd Chase as a defendant, he raises no allegations of wrongdoing against this

individual.   If  the  plaintiff  seeks  to  raise  a  claim  of constitutional wrongdoing against Chase, he should file an amended complaint with specific details.

### III.   Recommendation

Based on the foregoing, it is recommended that:

1. The claim of excessive force upon arrest proceed against the defendant Alexander in his individual capacity; and

2. the defendant Chase be dismissed as a party to this action, and any other claims be dismissed pursuant to 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so ordered at Miami, Florida, this 29th day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Alton Tyrone Riley, Pro Se
      Broward County Main Jail
      P.O. Box 9356
      Fort Lauderdale, FL 33310

      5343 S.W. 19th Street
      Hollywood, FL 33023